OPllftON of the Court, by
Judge OwsiE.
-^This Was an action of detinue brought in the court below by the appellee, to recover from the appellant a negro girl Which he held under a sale made by a sheriff in virtue of a Writ Of fieri facías which issued in his favor against a certain Abraham Proctor.
The trial was had on the general issue, and after proof was made that Proctor had been possessed of the negro for more than five years before the purchase by the appellant, withoiit any evidence in writing of a reservation or limitation ot tlie reversion or remainder in the negro to any person whatever, but connected with circumstances conducing in some measure to prove the possession was obtained from a certain William B. Suity, in the execution of a trust of which he was invested for the special use and benefit of the wife of said Proctor ; the court instructed the jury that if they should he of opinion that the negro girl was transferred to Suity in trust for Mrs. Proctor, and that the possession gained by Proctor was in execution of that trust, in that case the possession for five years and upwards did not subject the negro to the execution of a creditor, Exceptions were taken to the instructions of the court, and a verdict and judgment being Qbtained by the plaintiff in that court, the defendant there has brought the cause to this court by an appeal..
We cannot agree with the court below in supposing it material that Proctor should not have gained the possession under a trust, in order to subject the property, after a possession of five years, to the execution of his creditors. Such an inference, we apprehend, cannot be deduced from a fair exposition of that branch of the Statute of 1796 against frauds and perjuries, upon which the present (mutest exclusively turns. It provides that where any reservation or limitation shall be pretended to have been made of an use or property, by way of condition, reversion, remainder or otherwise, in goods and chattels, the possession whereof shall have remained 1⅛ another, or those claiming under hitó, for the space W five years, the same shall be taken, as to the creditors and purchasers of the persons aforesaid so remaining in possession, to be fraudulent, and that the absolute property is with the possession, unless such reser *338 vation Or limitation of use or property were declared by will or deed in writing, proved, &c. ⅞
According to the literal and plain import of this branch of the statute, it is not the mode by which the possession is acquired, but the being possessed for the space of five years, which has the constructive operation of making fraudulent and void all pretended reservations and limitations, either of the use or property, and unites the absolute property with the possession.
As, therefore, being possessed, though under a trust, comes strictly within the letter of the statute,' by no principle or rule of construction can such a case be taken out of its legal operation. Cases may probably occur where, notwithstanding they may not come strictly within the letter of the statute, yet by being within the mischief designed by its makers to be remedied, perhaps, by a liberality of construction, will be embraced by it; but to exempt the case of a possession obtained under a trust from the influence of the statute, requires a latitude of construction perfectly inadmissible, and which, by opening a door to the commission of frauds and perjuries, would, in an eminent degree, tend to promote the mischiefs intended to be relieved against.
The instructions of the court are therefore erroneous, and the judgment for that cause must be reversed, and the pause remanded for new proceedings not inconsistent with this opinion. The appellant must recover his costs in this court.